# Federal Defenders
## OF NEW YORK, INC.

Eastern District
16 Court Street-3rd Floor, Brooklyn, NY 11241
Tel: (718) 330-1200 Fax: (718) 855-0760

Leonard F. Joy
*Executive Director and*
*Attorney-in-Chief*

Eastern District
Peter Kirchheimer
*Attorney-in-Charge*

September 15, 2010

The Honorable Joseph F. Bianco
United States District Court
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: <u>United States v. LaKenya Anderson 09-CR-841</u> (JFB)

Dear Judge Bianco:

      I write in advance of sentencing in this case, which is currently scheduled for September 24, 2010. On March 26, 2010, LaKenya Anderson pled guilty to a lesser included offense within Count One of the indictment which charged her with importing cocaine into the United States. While the nature and underlying circumstances in this case are undeniably serious, we urge the Court to consider Ms. Anderson's actions within the context of the almost unimaginable struggle and turmoil she has endured in her life. LaKenya Anderson is a product of her upbringing. Nevertheless, she has done everything in her power to overcome these struggles to become a better person. We ask the Court to consider these circumstances as mitigating individual §3553 factors and conclude that either a downward departure or a non-guidelines sentence is appropriate here.

      As an initial matter, we do not object to the guidelines calculation set forth in the PSR which calculates an applicable guideline range of 41 to 51 months. This calculation is predicated upon an adjusted base offense level of 21 and an applicable criminal history category of II. We are in receipt of the probation department's recommendation of a sentence of 41 months. While we recognize that this recommendation falls on the low end of the applicable guidelines, we do not believe this recommendation adequately accounts for the overwhelming circumstances present in Ms. Anderson's past nor the steps she has taken toward post-arrest rehabilitation.

## BACKGROUND

      Throughout her childhood, LaKenya Anderson endured poverty, drug abuse, and neglect. Ms. Anderson grew up without adequate supervision and was essentially forced to raise herself. The negative effects of her childhood are evident in her conduct in this case as well as her criminal history. However, since her arrest, Ms. Anderson has worked tirelessly to demonstrate to the Court and to herself that her past need not define her. Her post arrest conduct makes clear that she is amenable to Court supervision.

As her mother, Kembeley Stallworth, freely admitted to the probation department during her interview for the PSR, LaKenya Anderson's parents were "not there" emotionally during her childhood. Ms. Stallworth went on to say that she could have been a "better mother." PSR ¶25. While her candor is admirable, the truth is that Ms. Stallworth's maternal *mea culpa* fails to fully account for lack of parental support Ms. Anderson endured throughout her childhood.

In 1985, LaKenya Anderson was born into a low income family residing in Bridgeport, CT. At this time, like many inner cities in America, the crack epidemic was at its height in Bridgeport. Sadly, Ms. Anderson's family was not insulated from the epidemic and both of her parents were full blown crack cocaine addicts throughout her youth. The effects of her parents' addiction were experienced and felt acutely by young Kenya. Neither of her parents could maintain steady employment and Kenya bounced around in her childhood from low income housing to homeless shelters. In some instances her parents were forced to intermittently cede custody to her grandmother. Kenya had no warning of when these drastic changes would occur. Kenya's problems reached their peak in 1991 when both of her parents were arrested and subsequently convicted of robbing a liquor store in Columbia, S.C.. For this offense, Ms. Anderson's father spent five years in prison. Additionally, her mother spent a year in prison which left young Kenya parentless at only six years old. Even before that incident, Kenya had already spent time in two different homeless shelters because her parents' drug addiction made it impossible for them to even make enough money to afford low income housing so that the family could remain together.

Even in these tough times, LaKenya always demonstrated an admirable spirit and promise that is only now blossoming. As her mother explains, "LaKenya is a sweet person. I mean really a very nice [individual]. She took care of her youngest sister La'Tifa Anderson when I was hanging out on the street. So really her childhood was limited." Defendant's Exhibit A. However, a parentless child, even with the best intentions, was little match for streets of inner city Bridgeport, CT. The effects of her difficult upbringing were ultimately as tragic as they were predictable. Ms. Anderson never developed sound judgment in her youth, and she began to abuse drugs and alcohol at a young age. Drug addiction was all that she had ever known in her family. She fell in with the wrong crowd and was arrested twice for larceny charges at the mall.

In 2005, Ms. Anderson became romantically involved with an older man named Anthony Brantley. In Mr. Brantley, Ms. Anderson thought that she had found a stable figure upon whom she could depend on for guidance and support in her life (things she had never known from her parents). Together they had a son, Ki'Mani Anderson, who is now 4 years old. Although, Ms. Anderson loves her son unconditionally, raising a son practically on her own has added both financial pressure and stress to an already complicated life. Ki'Mani is the most important person in Ms. Anderson's life and she has dedicated her life to being the mother that she never had to her own son. As one of her friends writes, "LaKenya is a young woman who adores her child and he adores her." Defendant's Exhibit B. The worst part of this case for Ms. Anderson is the realization that her actions have put Ki'Mani in jeopardy.

Should Ms. Anderson be incarcerated, it is unclear what will happen to her son. Although the father of the child, Mr. Brantley, assured the probation department that he could raise Ki'Mani, we note

2

that Mr. Brantley currently provides no financial assistance in support of his son. PSR ¶27. We do not believe that Mr. Brantley is a suitable caregiver for Ki'Mani (even with whatever assistance his 17 and 18 year old children could contribute). When he first learned that Ms. Anderson was pregnant, he denied paternity of the child and relented only after forcing another man to undergo a paternity test. Even now, he was careful to make clear to the probation department that his own paternity of Ki'Mani "has not been scientifically proven." PSR ¶28. Mr. Brantley has not himself taken a test to resolve this question. Despite living with Ms. Anderson for two years, Mr. Brantley now states that he initially dated her only because she was young and attractive despite knowing they had little in common. We urge the Court to consider the effect a lengthy period of incarceration would have on Ki'Mani Anderson.

Despite all that she has endured, Ms. Anderson is not a bitter person. In fact she maintains an admirable and positive attitude. She is a woman who tries to see the best in people. Even after living through the consequences of her parents' neglectful upbringing, she does not harbor any anger or resentment. She maintains that she is still close to her parents. The same is true of her relationship with her ex-boyfriend. She chooses not to carry any anger towards him even as she expresses doubts about his ability to raise her child. In fact, at no point in her pre-sentence interview nor in any of my conversations with her has Ms. Anderson ever expressed any anger or resentment toward her loved ones. There is an exceptional human kindness inside of her. As her aunt writes to the Court, "LaKenya is the type of person who would give you the shirt of her back. I remember when a friend and her two kids had no food or a place to live. LaKenya opened up her home and provided a place for them to live for six months." Defendant's Exhibit C. This is the LaKenya that the people who know her best have come to love. She is selfless and a source of inspiration to her friends and family. As her sister writes, "I would just like to say that my sister is a big inspiration in my life and the only thing I have. She's my charm." Defendant's Exhibit D.

## THE INSTANT OFFENSE

We do not dispute that Ms. Anderson's conduct in this case is serious. A careful examination of Ms. Anderson's life makes clear that she is far from being a perfect person. As Ms. Anderson will tell you in her own words at sentencing, she is deeply remorseful for her conduct and accepts responsibility for her actions. She made a horrible mistake in choosing to act as a drug courier. Nevertheless, we ask the Court to consider in fashioning an appropriate sentence the positive steps Ms. Anderson has taken since her arrest towards rehabilitation.

In this case, Ms. Anderson committed this crime to make some money to provide for her family. As previously noted, she bears the sole responsibility for financially providing for her son. She receives no financial assistance from the child's father. She maintains her own residence. She pays all of her own expenses. Nevertheless, her motivations in this case do not justify her actions. The truth is that, before her arrest, Ms. Anderson simply did not take the time to consider the consequences of her actions. Since her arrest, that is no longer the case.

In conversation, Ms. Anderson makes clear that she now understands the seriousness of her conduct. Especially for someone whose own life was ravaged by the effects of crack cocaine, Ms.

Anderson is keenly aware of the public heath risks that drug trafficking poses to society. She feels horribly that her actions could have contributed to the same acrimony and squalor she endured in her own childhood. Her actions were selfish and foolish. Ms. Anderson looks forward to expressing her profound regret to the Court, the government, and the public at sentencing.

On an even more personal level, her instant arrest has been a clarion call to make drastic and positive changes in her own life. Instead of simply languishing at home on electronic monitoring, Ms. Anderson has used her ten months of pre-trial and pre-sentence release to address the root causes of her problems. As this Court is aware from previous reports, Ms. Anderson has struggled with her drug addiction while on pre-trial release. In fact, her drug addiction plagued her long before this case began. LaKenya Anderson addressed this problem by successfully completing drug counseling. Defendant's Exhibit E. Since completing the program she has consistently tested negative for illicit substances. She continues to attend Narcotics Anonymous meetings and for the first time has a positive outlook on her struggles with addiction.

Because she realizes that acting as a drug courier was a foolish way to support her family, she has maintained full time employment so that she can provide an honest living for her family. Both she and her mother (who has also admirably recovered from her own addiction) have been working together full time at Dunkin' Donuts so that they can maintain their residence. She has rededicated herself to raising her son and understands that she must continue to work hard to avoid the same problems she endured in her own childhood.

With respect to this case, she has timely appeared for all Court dates and attorney meetings. She regularly checks in with both pre-trial services and myself to follow the status of her case. These actions demonstrate how seriously she regards this case and that she has not given up on herself. In short, LaKenya Anderson has done everything in her power to demonstrate to the Court that she is amenable to Court supervision.

## CONCLUSION

As she will tell you in her own words at sentencing, LaKenya Anderson is deeply remorseful and ashamed of her actions in this case. Her actions were shortsighted and foolish. Nevertheless we ask the Court to understand Ms. Anderson's actions within the context of her difficult upbringing and to recognize the positive strides she has made toward rehabilitation. In light of these factors, we respectfully request that the Court consider either a downward departure or a non-guidelines sentence in this case.

Thank you for your consideration,

Len Kamdang
Counsel to LaKenya Anderson
Federal Defenders of New York, Inc.
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11206
(718)407-7414

Courtesy Copy:

Chambers of the Honorable Joseph F. Bianco (via hand delivery)

Alexis Collins, A.U.S.A. (Via ECF)

giovanna_harris@ctp.uscourts.gov Pretrial Services, District of Connecticut (via fax)

# DEFENDANT'S EXHIBIT A

Hi, my name is Kembley Stallworth La'Kenya Anderson mother. I'm deeply moved by this situation. It has torn me apart because La'Kenya never was a bad child. La'Kenya is a lovin, caring, and giving indivual, She would give her last far as helping others. La'Kenya is a sweet person I mean really a very nice indivual. She took care of her youngest sister La'Tifa Anderson when I was hanging out on the street. So really her childhood was limited. La'Kenya and her sister La'Tifa went from family members house to house far as my mother, Grandmother and my aunt. So she has been through alot growing up as a child. But like she is a loving caring, giving person. You can sit and talk to her about any and everything. Because

She has that mature mentality and a kind heart. She has good moral for life. She is a single parent of son that is 4 years old and does her best as a mother. To raise her child and to spends a lot of time with her son teaching him his education things like letters, colors, etc. So by her going away that is going to affect him and her in a drastic way tremendously. She also as set many goals for herself far as going back to school for her diploma and a collage degree. in the medical feild. La'Kenya has very good potenical and is a a true inspiration our family... And we all would be so dderestated to see her go because of the person that we all know she is. And she does not deserve to be taken away from her love ones... So if you consider giving La'Kenya

a second chance. I know she will be capable of doing the right thing and learning from her mistakes.

Thank you so much for giving me this opportunity to share this with you.

Ms Kimberly Stallworth

# DEFENDANT'S EXHIBIT B

July 22, 2010

To Whom It May Concern:

It is with great pleasure that I write a letter of reference on behalf of Ms. LaKenya Anderson. I have had the fine opportunity of knowing her for over 20 years. I have also observed her mature into a fine young woman with excellent interpersonal skills and parenting skills. LaKenya consistently demonstrates a very high level of commitment to her family and community.

LaKenya is a young woman who adores her child and he adores her. I am certain that if given the opportunity, she will distinguish herself as an outstanding asset to society and the community.

If you should require additional information, please feel free to contact me at (203) 895-0401.

Sincerely,

Valerie Quarles-Walker, Ph.D, MSW

# DEFENDANT'S EXHIBIT C

August 2, 2010

To Whom It May Concern:

I have known LaKenya Anderson all of her life, twenty-three years. She is my niece. I have witnessed her maturity from a girl into a woman first hand. I can confirm that she is a woman of great integrity, is extremely dedicated to her family, friends and work.

LaKenya is the type of person who would give you the shirt off her back. I remember when a friend and her two kids had no food or a place to live. Lakenya opened up her home and provided a place for them to live for six months. This is just one example of many times throughout her life that LaKenya has shown empathy and good character,

LaKenya has indeed strayed off the path that our family had hoped for her. She has expressed how she feels terrible and remorseful for what she has done and that the wrongful behavior will never be repeated.

I am convinced LaKenya possesses the desire and determination to learn from this experience and move in a positive direction with her life. She has a large and committed support system in me and her entire family. We will do everything in our power to help her.

Now being that LaKenya did in fact break the law, due to what I feel was a bad influence, I feel that prison time will not help LaKenya in the least bit. I don't just state this because we are family but I truly believe this to be true. Taking away LaKenya's freedom now, at this point in her life, being that she is now attending a program and working will literally destroy her. It is to my understanding that prison terms are laid down to those that either lead a criminal life style and or those that show that rehabilitation is needed. Placing LaKenya in such an environment with negative influences in this atmosphere will just teach her how to become a criminal. That is why I feel that it would be in LaKenya's best interest to stay out of jail. It is in the interest of the accused to serve a punishment that will not affect her path to success. La'Kenya's character is of a gracious, trustworthy and respectable woman. I ask that you do not change the direction of La'Kenya's life based on a mistake.

Sincerely,

Dionne Best

# DEFENDANT'S EXHIBIT D

Dear Your Honor,

I would like to start this letter off by telling you a little of who I am. My home is Nyisha Anderson. I am La'Kesha Anderson sister. My sister is a very caring and giving person. And on excellent mom. She has a lot of patiential with the ability to accomplish her goals. I understand that my sister made a foolish mistake but since then she has matured as far as knowing who to choose as friend Jand + aking care of her responsibilities as well as making good decisions concerning her and her son life. She has helped me out a lot giving me a place to stay + sbawing her concern for me. To sum it all

up I would just like to say that my sister is a Big inspiration in my life + the only thing I have. She's my charm. Loosing her would be like a cone loosing its ice cream. Feeling real empty. I would hope that you give her another chance. She would mess up her whole life having a record. She's the back bone of the family. Thank you for taking the time to read my letter.

Thanks again
Nyoka Anderson

# DEFENDANT'S EXHIBIT E



President
MARLY LeBEAU

Chief Executive Officer
Joseph Riker

September 10, 2010

To Whom It May Concern:

Ms. Anderson has successfully completed the evening IOP program. She has attended all sessions and all drug screens have been negative. Ms Anderson actively participated in group discussions. She demonstrated that she is effectively utilizing recovery skills. Ms. Anderson brought family members to Family Night. She appears to be in the Active stage of recovery. She has demonstrated that she has developed a complete recovery plan. While in IOP, Ms Anderson displayed leadership skills by guiding the group through discussions on relapse and recovery.
Ms Anderson has attended her first NA support meeting last week and reported that she enjoyed the experience and was looking forward to attending more meetings. Ms. Anderson will step down to the Relapse Prevention program next week. Her new treatment plan will include documenting that she has attended NA meetings at least once weekly. Please feel free to contact me with any questions.

Sincerely,

Cynthia Nims-Johnson LPC, CCDP
Intake Coordinator and IOP Clinician

Bridgeport Outpatient Program • 1 Lafayette Circle • Bridgeport, CT. 06604
Tel: (203) 331-1503 • Fax: (203) 331-1504
www.ctrenaissance.com